## CHARLES H. COOK

*v.*

## THE EAST TRENTON POTTERY COMPANY.

1. Although it appears by the first part of the seventieth section of the act respecting corporations that either the insolvency of a corporation or its suspension of business for want of funds to carry on the same supported by proper proof, is ground for the court to institute an inquiry preliminary to the issuing of an injunction and the appointment of a receiver, nevertheless by the subsequent provisions of the same section the insolvency and the resumption of business are so collectively presented that it must appear to the satisfaction of the court that the corporation is not only insolvent but that it is not about to resume its business with safety to the public and advantage to the stockholders before it can issue an injunction or appoint a receiver.

2. The suspension of business by a corporation, even though it does not appear that it is about to resume in a short time, when it is not clearly established that the corporation is insolvent, does not afford sufficient warrant for the court to assume jurisdiction, insolvency being regarded as an absolutely essential ingredient or fact both in pleading and proof.

Bill for injunction and receiver.

*Mr. Linton Satterthwait,* for the complainant.

*Mr. William S. Gummere,* for the defendant.

BIRD, V. C.

Mr. Cook, the complainant, is a large stockholder in the defendant company. He is also a creditor, it being admitted that his claim of $20,220.28 is justly due. This amount has been advanced by him for the purpose of enabling the company to carry on its business. He has advanced portions of this money in the face of losses from time to time, amounting to several thousand dollars. He alleges that the company is insolvent and insists that he is entitled to the benefit of the seventieth section of the statute respecting corporations.

This section declares that "when an incorporated company shall have become insolvent, or shall have suspended its ordinary business for the want of funds to carry on the same," then any creditor or stockholder may apply to the court &c., and if, upon inquiry, "it shall be made to appear to the chancellor that the said company has become insolvent, and shall not be about to resume its business in a short time thereafter with safety to the public and advantage to the stockholders, it shall and may be lawful for the chancellor to issue an injunction" &c.

That portion of the section first above quoted presents two conditions, either of which it would seem was intended to justify the court in taking such cognizance of the case as will enable it to discover the true situation of the corporation. The first of these conditions is the insolvency of the corporation; the second is suspension of its ordinary affairs for want of funds to carry on the same. But the section referred to must be considered as a whole. Not only must the clauses which direct the inquiry be kept in mind, but also the clauses which direct what decree shall be made, and upon what foundation such decree shall rest.

It will be seen, by the subsequent provision of the statute above quoted, that it must upon such inquiry appear to the satisfaction of the court that the corporation is not only insolvent but that it is not about to resume its business in a short time with safety to the public and advantage to the stockholders. These phrases certainly are not in the disjunctive, as the former ones are. Whatever force the former may be entitled to in originating proceedings, the latter only are the warrant for a decree for an injunction and a receiver.

Therefore it must be concluded that the phrases, or parts of the section last above quoted, must be considered collectively. Although it is undisputed that the company has suspended its ordinary business and there is no proof that it is about to resume, that fact cannot control independently of the requirement that it must appear that the company is insolvent. A corporation may suspend business for the want of funds to carry on the same and yet may be solvent. In case of suspension and an inquiry is begun, during which it appears that the company is not insolvent,

Cook v. East Trenton Pottery Co.

the court cannot proceed even though all parties should admit that the company does not intend to resume business. The facts which give jurisdiction must be comprehended both in the pleadings and the proofs.

Hence the inevitable conclusion is that insolvency is an absolutely essential ingredient or fact in every case in which the court is asked to enjoin a corporation and to appoint a receiver to take charge of its assets. *Atlantic Trust Co.* v. *Consolidated Electric Storage Co., 4 Dick. Ch. Rep. 402; Edison et al.* v. *Edison United Phonograph Co., 7 Dick. Ch. Rep. 620.*

The suspension of this company for so long a period of time being admitted, in the absence of any definite proof that it is about to resume, it only remains for me to consider whether this company is insolvent. Taking the allegations and the affidavit of the complainant at their very best, it may fairly be inferred that the court was justified in issuing an order to show cause upon the ground of insolvency alone. But notwithstanding the company is liable for moneys advanced to it by the complainant, for the purpose of carrying on its ordinary business to the extent of $20,220.28, which is unsecured, the testimony presented in the affidavits of the defendant company shows an excess of assets over all liabilities of at least $20,000. Is this excess of such an amount as to make it reasonably safe for the court to rely upon it in pronouncing judgment in favor of the defendant? For there may, as there doubtless often have been, instances in which larger margins than this have not been regarded as entirely sufficient to relieve the court from the obligations imposed upon it by the statute. All experience establishes the fact that such assets greatly depreciate when their value comes to be ascertained at the block of the auctioneer. For example, if the indebtedness of a corporation were $500,000, and its assets were estimated at $550,000, and it should appear that the company had suspended business, upon the allegation of insolvency, I think the court would ordinarily be justified in declaring such corporation insolvent. But in the case before me the whole amount of indebtedness, as shown by the bill, is $40,220.28. And by the affidavit of the complainant thereto annexed the value of the

assets is shown to be $36,500, while by the answer and the affidavits thereto annexed these assets are shown to be worth from $65,000 to $70,000, so that the excess of assets, instead of being only one-tenth of the whole amount of liabilities, as in the case supposed, is about one-third. Many presumptions arise from universal experience which courts find themselves justified in acting upon, but these always give way to positive testimony establishing different results or conditions. In this case it appears from the testimony of very intelligent witnesses, who may be classed as experts, that the value of the assets of the defendant company is what has been stated. With such facts sustained by such an array of witnesses for the court to base its judgment upon, I do not think the most interested to the contrary would undertake to justify the court in turning this plant over to a receiver upon the ground of insolvency.

I will advise that the order to show cause be discharged and the bill dismissed, with costs.